# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RENTZ,<br>Plaintiff,<br>v.<br>YANG,<br>Defendant. | Case No. 1:26-cv-04655-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS (ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David Rentz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 17, 2026. (ECF No. 1.) Before the Court could screen Plaintiff's complaint, Plaintiff filed a first amended complaint on July 13, 2026. (ECF No. 6.) On July 16, 2026, the Court screened Plaintiff's first amended complaint and granted him leave to amend. (ECF No. 7.) Plaintiff's second amended complaint, filed on September 2, 2026, is currently before the Court for screening. (ECF No. 10.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility, where the events in the amended complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Sergeant A. Guitron; (2) Correctional Officer C. Cribbs; (3) Sergeant J. Hayward; (4) John Doe 1; and (5) John Doe 2.

Plaintiff forwards Eighth Amendment claims for excessive force and deliberate indifference to medical needs. Plaintiff alleges that at the time of the incident on April 21, 2026, he was assigned to Facility A and a mental health patient in a crisis bed, posing no immediate threat. Defendants entered the cell in riot gear and applied force while Plaintiff was in a non-threatening fetal position. No verbal commands were given before force was applied. Plaintiff contends that the use of a riot shield to pin a non-resisting, suicidal inmate constitutes force used "maliciously and sadistically." (ECF No. 10 at 9.)

Plaintiff further alleges that Defendant Cribbs slammed a riot shield on top of Plaintiff

with excessive force causing Plaintiff lower back pain, bruising, pain in genital area, and leg pain. Defendant continued to slam the riot shield on Plaintiff several times. Defendant Guitron pulled the state blanket off of Plaintiff and proceeded to kick Plaintiff approximately six times in the legs causing bruising, swelling, and numbness. Defendant Hayward opened the door for the defendants who beat me and watched the beating without stopping the excessive force used by the defendants. Defendants John Doe 1 and John Doe 2 held Plaintiff down while the officers beat him and did nothing to stop or prevent the excessive force used on Plaintiff.

Plaintiff asserts that Defendants knew of and disregard an excessive risk to his health. Following the attack, Plaintiff suffered excruciating pain and a hypertensive crisis (170/100 BP). Defendant unknown nurse provided only ice packs despite visible bruising and spinal pain. Defendants failed to provide immediate physician review for chest pain.

Plaintiff asserts the need for force was nonexistent. While the casting blocked the view, the Defendants entered the room without incident and the casting fell away. At the moment force was applied, Plaintiff was in a prone, fetal position, offering zero resistance. Plaintiff also contends that using 4 to 5 officers in riot gear to pin a non-resisting mental health patient to the floor with a shield is an excessive use of power. Further, a blood pressure spike to 170/100 and spinal pain near the 2nd and 3rd vertebrae constitute significant physical trauma and a serious medical need that was caused directly by the Defendants' aggression.

As relief, Plaintiff seeks punitive damages.

## III. Discussion

### A. Federal Rule of Civil Procedure 10

Plaintiff's second amended complaint does not have a caption that contains the name of the nurse defendant discussed in the body of the complaint, in violation of Rule 10(a). *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Plaintiff's complaint is subject to dismissal on this basis

alone. *See Martinez v. Davey*, No. 16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing, among other reasons, because "Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint" in violation of Rule 10(a)).

**B. Official Capacity**

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "Suits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff's claims for monetary damages against the named defendants in their official capacities are barred by the Eleventh Amendment.

**C. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to link any named defendant to the allegations of deliberate indifference to a serious medical need, with the exception of the defendant unknown nurse. Plaintiff does not allege what the named defendants did or did not do that resulted in deliberate indifference to his serious medical needs. Plaintiff refers only to "Defendant's," "Defendants," or "Defendant," which is not sufficient to link any named defendant to his deliberate indifference claim. As the Court previously instructed, Plaintiff may not simply lump defendants together without specifying what each individual defendant did or did not do that resulted in a violation of his rights.

**D. Eighth Amendment**

**1. Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construed, Plaintiff's second amended complaint states a cognizable claim for excessive force against Defendants Cribbs, Guitron, John Doe 1, and John Doe 2.

**2. Failure to Intervene**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

At the pleading stage, Plaintiff's second amended complaint states a cognizable claim for

failure to intervene in violation of the Eighth Amendment against Defendant Hayward. However, Plaintiff does not state a cognizable failure to intervene claim against Defendants John Doe 1 and John Doe 1, who allegedly were involved in the use of excessive force.

**3. Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*,

744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's second amended complaint fails to state a cognizable claim for deliberate indifference to a serious medical need. As discussed above, Plaintiff fails to name the nurse defendant in the caption of the complaint in violation of Rule 10(a). Plaintiff's allegations that the nurse defendant only provided an ice pack and complains he was not provided "immediate physician review for chest pain" suggests a difference opinion between Plaintiff and a medical professional regarding the appropriate course of treatment and not deliberate indifference.

Plaintiff also fails to include factual allegations linking the named defendants to his allegations of deliberate indifference to a serious medical need. Plaintiff claims he suffered back, genital, and leg pain, bruising, and a hypertensive crisis, but he does not include factual allegations demonstrating that any named defendant knew of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff's conclusory allegation is not sufficient to state a claim.

**E. Doe Defendants**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe 1 and John Doe 2 (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals. Plaintiff will be required to identify them with enough information to locate the defendants for service of process. Plaintiff will be given the " 'opportunity through discovery to identify the unknown [Doe] defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642). Once the identities of the Doe defendants are ascertained, Plaintiff must file a motion to amend his complaint only to substitute names for John Doe 1 and John Doe 2 so that service by the United States Marshal can be attempted.

**IV. Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable against Defendants Cribbs, Guitron, John Doe 1, and John Doe 2 for excessive force in violation of the Eighth Amendment and a cognizable claim against Defendant Hayward for failure to protect in violation of the Eighth Amendment, but fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint against Defendants Cribbs, Guitron, John Doe 1, and John Doe 2 for excessive force in violation of the Eighth Amendment and against Defendant Hayward for failure to intervene in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is

///

advised that failure to file objections within the specified time may result in the waiver of the

"right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 24, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE